In the Matter of the Adoption of " WILLIAM G. HALE ", an Infant.*

County Court, Saratoga County, February 18, 1955.

*Frank A. Tate* for " Leland Winter " and another, petitioners.

SHERMAN, J. Under date of January 21, 1955, a petition was presented to this court, by " Leland Winter " and " Jane Winter ", his wife, requesting the adoption of one " William George Hale ", a minor, then six months and eight days of age.

The petition recites that the religious faith of the petitioners is Roman Catholic, " Robert Hale " and " Caroline Hale ", the parents of the child, being of the Protestant faith.

The petition further recites that the parents consent to the adoption and further consent that the child be reared in the Roman Catholic faith.

Immediately after the birth of the child, it was agreed by the petitioners and the natural parents of the child that the said infant should make his home with your petitioners, and that theretofore the child was taken to live with said petitioners.

The petition sets forth the income and steady employment of " Leland Winter ", one of the petitioners.

It is further recited that the reason for the adoption is that the father of the child has no steady employment; that he and his wife have two other children; and the mother has to work to support the family. The parents claim they cannot possibly provide for the child in a manner that would serve the best interests of the child.

---

* Names used herein fictitious for purposes of publication.

The agreement accompanying the petition is signed by the parents and the petitioners and recites many of the facts as contained in the petition, and the petition is signed by the parents.

Under date of January 21, 1955, this court signed an order appointing Dorothy Burns, as case worker in the Saratoga County Department of Public Welfare, to investigate into and verify the allegations set forth in the petition, and to investigate into, and ascertain all facts and circumstances relating to said child and the proposed foster parents, and relating to the proposed adoption, as will give to the court adequate basis for determining the propriety of approving the adoption.

All of the parties to the proceeding were examined by the court under oath and substantially the same facts were developed as appear in the petition.

It was shown that the parents of the child were young and were in stress owing to economic difficulties. The proposed adoptive parents are middle-aged. The child was delivered to the proposed adoptive parents almost immediately after birth.

Since receipt of the report of investigation, the court has conferred with the case supervisor and the case worker. There is nothing in the report detrimental to the character and reputation of the petitioners.

A portion of section 113 of the Domestic Relations Law reads: '' In making orders of adoption, the Judge or Surrogate, when practicable, must give custody only to persons of the same religious faith as that of the foster child in accordance with Article 6 of the Social Welfare Law.'' (See, also, *Matter of Korte*, 78 Misc. 276.)

Only recently the Supreme Court of the United States refused to rule on a Massachusetts law that restricts child adoptions that cross religious lines. (*Goldman* v. *Fogarty*, 348 U. S. 942.) By rejecting an appeal the high court left standing a ruling of the Massachusetts Supreme Court (121 N. E. 2d 843) that the State law was constitutional and, furthermore, it is reported that the State Supreme Court said that it was not prepared to hold that the law violated any provisions of the Federal Constitution.

Aside from the question of the difference in religion, there is still a further point which this court considers to be of great moment. Here a young couple already having two children, consent to the adoption of a third child and placed the child with the proposed adoptive parents almost immediately after birth, and the only excuse given for the adoption and placement is that they cannot afford to rear the third child. It is against

the conscience of this court to countenance such an act upon the part of the natural parents. The parents should make every effort to provide for the child and to give it the natural love and affection to which the child is entitled. This court cannot and will not countenance an adoption of this nature based upon such a flimsy excuse and thus avoid a duty and an obligation imposed upon the parents.

The application is denied.